**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 5 2003**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

BILL DEAN CARTER,

    Petitioner - Appellant,

v.

RONALD J. WARD,

    Respondent - Appellee.

No. 02-6235
(D.C. No. 01-CV-1820-H)
(W.D. Oklahoma)

---

## ORDER AND JUDGMENT[*]

---

Before **TACHA**, Chief Judge, **SEYMOUR** and **EBEL**, Circuit Judges.

---

Bill Dean Carter, a state prisoner proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition and its denial of his certificate of appealability (COA). Because Mr. Carter has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a COA and dismiss the appeal.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Carter was convicted of manufacturing methamphetamine, sentenced to twenty years in prison, and fined $50,000.00. He unsuccessfully challenged his conviction on direct appeal and in a petition for state post-conviction relief. In his federal habeas corpus petition, Mr. Carter asserts his trial and appellate counsel were ineffective in four respects: failure to assert the denial of a speedy trial, failure to call a specific witness, failure to designate his first preliminary hearing transcript in the record on appeal, and failure to note a conflict of interest of trial counsel. Mr. Carter also contends his conviction was based on evidence obtained as a result of an unconstitutional seizure, the trial court erred in denying his request for identification of a confidential informant, insufficient evidence existed to support his conviction, and the fine of $50,000.00 was excessive.

In its report and recommendation to the district court, the magistrate judge addressed each of Mr. Carter's claims on the merits and concluded that none warranted relief. The district court adopted the magistrate's report and denied Mr. Carter's petition and request for a COA. Mr. Carter appealed.

In order to obtain a COA after a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 2003 WL 431659, *4

-2-

(U.S. Feb. 25, 2003). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on our review of Mr. Carter's brief, the entire record on appeal, and the magistrate judge's thorough and well reasoned report and recommendation, we hold that Mr. Carter has not satisfied the standard for COA and therefore we dismiss his appeal. Only two claims require further comment.

First, we take issue with Mr. Carter's assertion that his right to a speedy trial was violated by the ineffective assistance of his trial counsel. Under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), Mr. Carter must show his trial counsel's performance was both deficient and prejudicial. As the magistrate judge correctly reasoned, Mr. Carter failed to satisfy *Strickland*.

It is true that the period of time between the filing of the information against Mr. Carter and his trial was substantial, totaling twenty-three months. Mr. Carter was arrested and charged on July 1, 1997, but his case did not go to trial until June 14, 1999. Mr. Carter specifically contends that the decision of his trial counsel, Ms. Cox, to request and conduct a second preliminary hearing, interfered with his right to a speedy trial. We are not persuaded.

Mr. Carter's first preliminary hearing had been conducted in March 1998 by an attorney other than Ms. Cox. In her representation of Mr. Carter, Ms. Cox requested in a March 1999 hearing that the court grant a second preliminary

hearing.[1]  When the court specifically questioned Mr. Carter to determine whether he approved of the delay, Mr. Carter answered affirmatively.  While Ms. Cox's request for a second preliminary hearing did extend Mr. Carter's trial date, the request did not make her representation deficient.  Ms. Cox was not present at the first preliminary hearing and it is apparent from the record that she believed a second hearing would provide her the opportunity to examine witnesses and develop additional evidence necessary to substantiate a motion to the dismiss the case against Mr. Carter.  Not only did Ms. Cox have sufficient grounds to request the second hearing, but Mr. Carter acquiesced in the request.  Nor has Mr. Carter shown he was prejudiced by Ms. Cox's request for the second hearing.  Therefore, the district court correctly denied this claim.[2]

We also address Mr. Carter's claim that his conviction was based on evidence obtained as a result of an unconstitutional seizure.  Mr. Carter alleges

---

[1]In February 1999, the trial court had previously granted Ms. Cox's request for a continuance of Mr. Carter's trial to await the conclusion of a separate trial in which Mr. Carter was a defendant.  Such a request was entirely reasonable. *See Castro v. Ward*, 138 F.3d 810, 819-20 (10th Cir. 1998) (right to speedy trial not violated where defendant's trial delayed until conclusion of second trial in which defendant was charged).

[2]We further note that on June 11, 1999, after the trial court denied Mr. Carter's motion to dismiss, Mr. Carter requested that his trial be further continued.  His request was denied, and trial proceeded on June 14, 1999.  In light of Mr. Carter's own request for a continuance, as well as his affirmation of Ms. Cox's petition for a second preliminary hearing, his claim of a denial of his right to a speedy trial rings hollow.

that the police lacked probable cause to stop and question him and therefore that his subsequent arrest and the search of his vehicle were unconstitutional. In so arguing, Mr. Carter overlooks the essential fact that the police did not "stop" him.

Mr. Carter was arrested in the course of an undercover police investigation of drug activity at a specific business location. Officers were engaging in consensual conversations with individuals who entered the business' parking lot and parked their cars there. The officers did the same with Mr. Carter after he stopped his car in the parking lot. There is nothing unlawful about such police activity. *See United States v. Mendenhall*, 446 U.S. 551, 554-55 (1980) (in the absence of evidence indicating a citizen believed he was not free to depart from an officer's presence, "otherwise inoffensive contact between a member of the public and the police cannot, as a matter of law, amount to a seizure of that person"). It was only after the officers observed a weapon in Mr. Carter's vehicle and smelled strong chemicals associated with methamphetamine manufacturing that the officers placed Mr. Carter under investigative detention and discovered the materials used to manufacture methamphetamine. The officer's actions were entirely reasonable and did not violate Mr. Carter's Fourth Amendment rights.

For these reasons, coupled with our conclusion that the district court's denial of Mr. Carter's petition was neither debatable nor adequate to encourage us to proceed further, we **DENY** Mr. Carter's application for a COA and **DISMISS** this appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge